UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN-GESPERE PIERRE,

           Plaintiff,

-against-

EDNY C/O MAGISTRATE JUDGE MS. LOIS BLOOM AND EMPLOYEES; CHIEF ADMINISTRATOR MR. DOUGLAS PALMER; CHIEF JUDGE MS. DORA L. IRIZZARY; COURT PRO SE CLERK – BLACK MAN JOHN DOE,

           Defendants.

18-CV-12193 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action asserting that the defendants violated his federal constitutional rights, and he seeks monetary damages. Plaintiff sues Chief District Judge Dora L. Irizarry and Magistrate Judge Lois Bloom of the United States District Court for the Eastern District of New York. He also sues that court's clerk of court, Douglas Palmer, as well as a "pro se clerk" who he describes as "Black Man John Doe." This Court construes Plaintiff's claims as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). By order dated April 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

**A.**     *Pierre I*

On August 17, 2018, Plaintiff filed a *pro se* action in this Court against Magistrate Judges Bloom and Tiscione of the Eastern District of New York, as well as Lea Vasquez, and three other unidentified employees of that court, including one referred to as "John Doe Pro Se Clerk, A Black Guy." *See Pierre v. Tiscione*, No. 18-CV-7562 (LLS) ("*Pierre I*"). In *Pierre I*, Plaintiff alleged that the defendants mistreated him during his proceedings in the Eastern District of New York. By order and judgment dated August 30, 2018, Judge Stanton of this Court dismissed *Pierre I* under the doctrine of judicial immunity. *Pierre I* (ECF Nos. 4 & 5.) Plaintiff appealed. But on January 24, 2019, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *See Pierre v. Tiscione*, No. 18-2687 (2d Cir. Jan. 24, 2019).

**B.     The present action**

Undeterred by Judge Stanton's dismissal of *Pierre I*, on December 21, 2018, Plaintiff filed the complaint commencing the present action. In his complaint, he includes allegations that are somewhat similar to his allegations in *Pierre I*. He asserts that Magistrate Judges Bloom and Tiscione, Clerk of Court Douglas Palmer, and other court employees caused negative results in two of Plaintiff's *pro se* civil actions that he brought in the Eastern District of New York.

Plaintiff alleges that in *Pierre v. Airserv Sec.*, No. 14-CV-5915 (E.D.N.Y.), the defendant's law firm offered him $5,000 "to drop the case." (ECF No. 2, at 5.) But then the defendant's attorneys "organized with [the] Judges[] and [court] employees to blow my case."[1] (*Id.*)

Plaintiff also seems to allege that in *Pierre v. FJC Sec. Servs. Inc.*, No. 15-CV-4627 (E.D.N.Y.), the defendant's attorney asked Plaintiff how much money he would accept to "drop the case"; Plaintiff asked for $6,000. (*Id.*) The defendant's attorney refused "and organized to find [Magistrate] Judge Lois Bloom, [Magistrate] Judge Tiscione and Case Manager Ms. Lea Vazquez and Douglas Palmer to blow the case."[2] (*Id.*)

---

[1] On July 28, 2016, Magistrate Judge Tiscione issued a report and recommendation in which he recommended that the defendant's motion for summary judgment be granted. *Pierre v. Air Serv. Sec.*, No. 14-CV-5915, 2016 WL 11396816 (E.D.N.Y. July 28, 2016). District Judge Brodie adopted the report and recommendation and granted the defendant's motion for summary judgment. *Pierre*, No. 14-CV-5915, 2016 WL 5136256 (E.D.N.Y. Sept. 21, 2016). The Second Circuit later dismissed Plaintiff's appeal as frivolous. *Pierre v. Airserv Sec.*, No. 16-3370, 2017 WL 4541336 (2d Cir. Jan. 5, 2017), *cert. denied*, 138 S. Ct. 114 (2017). Magistrate Judge Bloom was originally assigned to that action before it was reassigned to Magistrate Judge Tiscione.

[2] In a memorandum and order dated September 19, 2017, District Judge Brodie granted the defendant's motion for summary judgment. *Pierre v. FJC Sec. Servs., Inc.*, No. 15-CV-4627, 2017 WL 4162304 (E.D.N.Y. Sept. 19, 2017). On May 24, 2018, the Second Circuit affirmed the dismissal. *Pierre v. FJC Sec. Servs., Inc.*, 723 F. App'x 70 (2d Cir. 2018) (summary order), *reh'g & reh'g en banc denied*, No. 17-3257 (2d Cir. July 24, 2018), *cert. denied*, 139 S. Ct. 597 (2018). Magistrate Judge Bloom was also originally assigned to that action before it was reassigned to Magistrate Judge Tiscione.

On March 21, 2019, Plaintiff filed a letter in the present action (ECF No. 4), which the Court construes as a supplement to Plaintiff's complaint. In his letter, Plaintiff accuses Magistrate Judge Bloom of "join[ing] the opposing party to settle my case without any legal paper." (*Id.* at 4.) He also states that Magistrate Judge Bloom "made a conspiration with substitute judge Steven L. Tiscione to stop my witness Ms. Eunice Reid . . .[o]n the eve [of] deposition." (*Id.* at 5.) Plaintiff further alleges that Magistrate Judge Tiscione made "prostitutions . . . with his case manager[,] Ms. Lea Vasquez and other women inside EDNY." (*Id.*) Plaintiff additionally asserts that Magistrate Judges Bloom and Tiscione, as well as Lea Vazquez, two other court employees, the Eastern District of New York's Pro Se Clerk's Office, and Clerk of Court Douglas Palmer "created an [e]nterprise[] corruption into EDNY." (*Id.*)

Plaintiff alleges that in one of his other civil actions in the Eastern District of New York, one of the defendant's attorneys practiced law without a license and "violated security screening more than three times with unauthorized computer access." (*Id.* at 6.) Plaintiff asserts that he asked Chief Judge Irizarry and Clerk of Court Douglas Palmer "to stop this." (*Id.*) Plaintiff does not specify what action, if any, Chief Judge Irizarry or Clerk Palmer took in response to Plaintiff's complaint. Plaintiff refers to Magistrate Judge Bloom as "a stupid judge who has no law degree [and who] tried to messed up with me who as I am a superior than her." (*Id.* at 8.) He accuses Magistrate Judges Bloom and Tiscione of judicial misconduct. (*Id.* at 10.)

**DISCUSSION**

**A.     Judicial immunity**

The Court must dismiss, under the doctrine of judicial immunity, Plaintiff's *Bivens* claims against Magistrate Judge Bloom, Clerk of Court Douglas Palmer, and other court employees that arise from their rulings or actions in Plaintiff's civil actions in the Eastern District of New York. Judges are absolutely immune from suit for damages for any actions taken

4

within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *see also Dorman v. Higgins*, 821 F.2d 133, 137-39 (2d Cir. 1987) (applying judicial immunity to *Bivens* claims).[3] Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks and citation omitted).

Judicial immunity does not apply when a judge takes action outside her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles* 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge . . . ." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

This immunity also applies to government officials, including clerks of court and other court employees, for their acts that assist a judge in the performance of his or her judicial duties. *See Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); *see also Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending

---

[3] Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].") (internal quotation marks and citation omitted). Caselaw from § 1983 claims may be used to address issues in *Bivens* claims. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (quoting *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)); *see also Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that the district court properly construed § 1983 claims brought against a federal employee as arising under *Bivens*).

judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk); *Chmura v. Norton, Hammersley, Lopez & Skokos Inverso PA*, No. 3:17-CV-2164, 2018 WL 2138631, at *2 (D. Conn. May 9, 2018) (extending judicial immunity to a clerk of court); *Manko v. Ruchelsman*, No. 12-CV-4100, 2012 WL 4034038, *2 (E.D.N.Y. Sept. 10, 2012) (same), *appeal dismissed*, 12-4080 (2d Cir. Jan. 31, 2013); *Gibson v. Brown*, No. 12-CV-0622, 2012 WL 1744845, at *4-5 (E.D.N.Y. May 16, 2012) (extending judicial immunity to a pro se writ clerk), *appeal dismissed*, No. 12-2748 (2d Cir. Dec. 20, 2012).

Plaintiff asserts at least some *Bivens* claims against Magistrate Judge Bloom that arise from her rulings in Plaintiff's civil actions in the Eastern District of New York. And he seems to assert at least some *Bivens* claims against Clerk of Court Douglas Palmer and other court employees arising from their efforts to assist the judges of the Eastern District of New York in the performance of their duties. Under the doctrine of judicial immunity, therefore, Magistrate Judge Bloom, Clerk of Court Douglas Palmer, and the other court employees are immune from suit for these claims. The Court therefore dismisses these claims, under the doctrine of judicial immunity, as frivolous and for seeking monetary relief from defendants that are immune to such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero*, 171 F.3d at 760 ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke*, 490 U.S. at 327))).

**B.    Remaining claims**

Even when the Court reads the complaint with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court must dismiss Plaintiff's remaining claims as

6

frivolous. Plaintiff's allegations with respect to his remaining claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See* § 1915(e)(2)(B)(i); *Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

**C.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**D.     Litigation history**

Plaintiff has filed other actions in this Court that the Court determined were nonmeritorious. *See Pierre I*, No. 18-CV-7562 (LLS) (S.D.N.Y. Aug. 30, 2018) (action dismissed under § 1915(e)(2)(B)(iii) under the doctrine of judicial immunity), *appeal dismissed as frivolous*, No. 18-2687 (2d Cir. Jan. 24, 2019); *Pierre v. Alliance Sec. Servs.*, No. 18-CV-3189 (CM) (S.D.N.Y. June 20, 2018) (action dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted), *appeal dismissed as frivolous*, No. 18-1977 (2d Cir. Nov. 19, 2018). In light of Plaintiff's litigation history, especially in *Pierre I*, this Court finds that Plaintiff was or should have been aware that when he filed the present action, he was filing a nonmeritorious action. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent a *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that if he files any additional duplicative or frivolous litigation in this Court, the Court will issue an order barring him from filing new civil actions in this Court *in forma pauperis* without the Court's leave. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action as frivolous and for seeking monetary relief from defendants that are immune to such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is further directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:  May 3, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge